**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Haver, | No. CV-20-01414-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Camille D. Bibles's Report and Recommendation ("R&R") (Doc. 15) to dismiss Petitioner Terry Lee Haver's Amended Petition for Writ of Habeas Corpus (the "Amended Petition"). The Court has reviewed the Amended Petition (Doc. 6), Respondents' Response to the Amended Petition (Doc. 12), and the R&R (Doc. 15). No party has objected to the R&R. For the reasons expressed below, the Court accepts and adopts the R&R in its entirety.

## I.   BACKGROUND

Petitioner owned a general contracting company who was "hired to build an additional wing onto a hotel project." (Doc. 12-1 at 233.) After receiving over two million dollars in disbursements through deception, Petitioner used that money for other illegal reasons. (*Id.* at 234.) He was convicted by a jury on multiple counts of theft and forgery. (*Id.*) Petitioner was then sentenced to "five years for Counts 1 (theft) and 2 (theft), 7.5 years for Counts 3 (theft) and 4 (theft), 6.5 years for Count 6 (theft), 1.75 years for Count 7 (theft), and 4.5 years each on the remaining 5 forgery counts." (*Id.*)

1    Petitioner timely appealed his convictions and sentence. (*Id.* at 136–37.) He raised

2    two claims to the Arizona Court of Appeals. (*Id.* at 139–45.) The appellate court affirmed

3    the trial court's decision but remanded for a limited issue relating to whether any

4    recalculation was necessary for a presentence-incarceration-credit issue. *See State v.*

5    *Haver*, No. 1 CA-CR 16-0419, 2017 WL 6459789 (Ariz. Ct. App. Dec. 19, 2017).

6    Petitioner did not appeal this ruling and a mandate therefore issued. (Doc. 12-2 at 2.) The

7    trial court then corrected any error in Petitioner's presentence incarceration credit. (Doc.

8    12-1 at 112, 114–15.) Petitioner then went through restitution-related proceedings, in

9    which the trial court ordered him to pay nearly $200,000 in restitution. (*Id.* at 129–34.)

10   Petitioner appealed that order, but the Arizona Court of Appeals rejected his arguments.

11   (Doc. 12-2 at 4–5, 32, 42.)

12       In October 2017, Petitioner initiated his post-conviction review ("PCR")

13   proceedings. (*Id.* at 48–50.) As the State mentions, "[f]or reasons not apparent from the

14   state record on appeal, the superior court did not address this PCR Notice and [Petitioner]

15   did not pursue it." (*Id.* at 72.) In February 2018, Petitioner filed another PCR notice. (*Id.* at

16   52.) Petitioner was appointed counsel, but that counsel found no colorable claim. (*Id.* at

17   56–60.) The trial court ordered Petitioner to file his own *pro per* PCR petition, but the court

18   dismissed his case because he never filed it. (*Id.* at 62–65.) Although there was one more

19   opportunity for Petitioner to proceed with his PCR proceedings, he did not a file a PCR

20   notice. (*Id.* at 67–72.) He then filed this habeas action. (Doc. 1.)

21   **II.    LEGAL STANDARD**

22       When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254,

23   the federal district court "must decide whether the petitioner is 'in custody in violation of

24   the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S.

25   722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those portions

26   of the report specifically objected to and "may accept, reject, or modify, in whole or in part,

27   the    findings    and    recommendations    made    by    the    magistrate    judge."    28

28   U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must

1  determine de novo any part of the magistrate judge's disposition that has been *properly*

2  objected to.") (emphasis added). The Court need not "review . . . any issue that is not the

3  subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection

4  made to a magistrate judge's R&R "requires '*specific written objections* to the proposed

5  findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL),

6  2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)).

7  **III.    DISCUSSION**

8       The parties did not file objections. Although it has no obligation to do so, the Court

9  nonetheless has reviewed the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

10 (9th Cir. 2003). The Court agrees with the Magistrate Judge's R&R and adopts it in its

11 entirety. Upon review, the Court also agrees with the R&R's recommendation to deny a

12 certificate of appealability.

13 **IV.    CONCLUSION**

14      Accordingly,

15      **IT IS ORDERED adopting** the Report and Recommendation. (Doc. 15.)

16      **IT IS FURTHER ORDERED** denying the Amended Petition (Doc. 6) and

17 dismissing it with prejudice.

18      **IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

19      **IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment,

20 terminating this case.

21      Dated this 27th day of August, 2021.

22

23

24                  Michael T. Liburdi

25                  United States District Judge

26

27

28